```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------x
EDWARD M. PERSON, JR.,

                    Plaintiff,
                                                MEMORANDUM & ORDER
                                                09-CV-3920 (JS)(ARL)
            -against-

SCOTT WHITE, L.I. PROPERTY MANAGEMENT
CORP., UGLY DOG, INC., NORGUARD INSURANCE
CO., INTERGUARD, LTD., JEFF LERNER, STATE
OF NEW YORK WORKERS' COMPENSATION BOARD,
LISA TORTORA,
                    Defendants.

----------------------------------------x
APPEARANCES:
For Plaintiff:      Edward M. Person, Jr., pro se
                    392 Saldane Avenue
                    North Babylon, NY  11703

For Defendants:
Scott White;        David P. Mirabella, Esq.
L.I. Property       Mirabella & Quinn, LLC
Maintenance Corp.;  400 Garden City Plaza, Suite 405
Ugly Dog, Inc.      Garden City, New York 11530

Norguard Insurance  Richard W. Wedinger, Esq.
Co.; Interguard,    Barry, McTiernan & Wedingder
Ltd.                1024 Amboy Avenue
                    Edison, New Jersey 08837

Jeff Lerner,        Steven Segall
State of New York   Attorney General of the State of New York
Workers'            120 Broadway
Compensation Board  New York, NY 10271

Lisa Tortora        Michael R. Petrocelli, Esq.
                    217 Broadway, Suite 505
                    New York, NY 10007
```

SEYBERT, District Judge:

On September 10, 2009, pro se plaintiff Edward M. Person, Jr., ("Plaintiff" or "Person") commenced this action against Defendants Scott White ("White"), L.I. Property Maintenance Corp. ("L.I. Property"), Ugly Dog, Inc. ("Ugly Dog"), NorGuard Insurance Co. ("NorGuard"), InterGUARD, Ltd. ("InterGUARD"), Workers' Compensation Law Judge Jeff Lerner ("Judge Lerner"), State of New York Workers' Compensation Board ("WCB") and Lisa Tortora ("Tortora"). (Compl. ¶¶ 4-11.) Plaintiff brings his claims pursuant to 42 U.S.C. § 1983, and 42 U.S.C. § 1985. (Compl. ¶¶ 24-36.) Pending before this Court are Defendants' motions to dismiss the action pursuant to Federal Rule of Civil Procedure 12(b)(1) and 12(b)(6), and Defendants White, L.I. Property and Ugly Dog's motion for attorneys' fees pursuant to 42 U.S.C. § 1988. For the following reasons Defendants' motions to dismiss are GRANTED. The motion for attorneys' fees brought by Defendants White, L.I. Property and Ugly Dog is DENIED.

BACKGROUND

Plaintiff alleges that on September 25, 2006, he suffered a work-related injury when he slipped and fell while walking down a trailer ramp at a storage facility owned by L.I. Property, his employer. (Pl.'s Opp'n 27, D.E. 27-1.) As a result of the fall, Plaintiff's body allegedly "slammed to the

ground" causing him to land on his rear end, elbow and back. Id. Plaintiff alleges that the "foreman"[1] and another co-worker named "Santos" witnessed the incident. Id. Immediately after his fall, Plaintiff allegedly took a break to "walk back and forth to see if [his] leg was okay." Id. On September 28, 2006, Plaintiff alleges that he sought treatment of his injuries at the Southside Hospital emergency room. Id.

Thereafter, Plaintiff filed a claim with WCB seeking workers' compensation for his injury. Id. at 24. At the WCB hearing on March 15, 2007 Workers' Compensation Law Judge Lerner disallowed Plaintiff's claim, and found that although Plaintiff slipped at work, he did not injure himself. Id. In making his decision, Judge Lerner relied on the testimony of the "foreman" and a co-worker named "Robert." Id. Both testified that although Plaintiff fell on September 25, 2008, the fall did not occur at the storage facility as the Plaintiff alleged, but rather at a Wendy's Restaurant. Id. at 28. Additionally, the "foreman" and "Robert" denied that Plaintiff was injured as a result of this fall because they did not recall seeing Plaintiff fall off his feet, take a break after falling, or limp after the fall. Id. Further, "Santos" denied working with Plaintiff on the day of the incident. Id. On September 24, 2007, the WCB

---

[1] None of the documents in the record list the full names of the various witnesses.

3

found that the record supported Judge Lerner's decision and affirmed. Id. The WCB found "Robert" and "Santos'" testimonies about the alleged injury to be impartial and credible since they no longer worked for L.I. Property when they testified. Id. On July 11, 2008, WCB denied Plaintiff's application for a full WCB review or reconsideration of the WCB decision. Id. at 31.

Plaintiff subsequently filed a notice of appeal on August 8, 2008 to the New York Supreme Court Appellate Division, Third Department. Id. at 6. On October 1, 2009, the Third Department affirmed. See Matter of Person v. LI Maintenance Ad, 66 A.D.3d 1063, 888 N.Y.S.2d 512 (3d Dep't 2009). On April 29, 2010, the New York Court of Appeals denied leave to appeal. See 14 N.Y.3d 708, 926 N.E.2d 1237, 900 N.Y.S.2d 731 (Table), 2010 WL 1708013 (N.Y. 2010).

Plaintiff then initiated this proceeding seeking $400,000 in compensatory damages. (Compl. ¶ 37.) Plaintiff alleges fraud against White, L.I. Property and Ugly Dog, breach of contract against each of these Defendants, NorGuard and InterGUARD, conspiracy to deny substantive due process and equal protection against each of these Defendants and Defendant Tortora, pursuant to § 1985(3), and denial of substantive due process and equal protection against all of these Defendants and Defendants Judge Lerner and WCB, pursuant to § 1983. (Compl. ¶¶ 13-36.) White, L.I. Property, and Ugly Dog (Defs.' Mot. to

Dismiss 3, D.E. 17-1) NorGuard and InterGUARD, (Defs.' Mot. to Dismiss 7, D.E. 16) and Judge Lerner and WCB move jointly to dismiss Plaintiff's Complaint. (Defs.' Mot. to Dismiss 3, D.E. 14-3.) Tortora moves separately to dismiss Plaintiff's Complaint. (Defs.' Mot. to Dismiss 4, D.E. 19.) All Defendants move to dismiss the Complaint in its entirety under both Rule 12(b)(1) and Rule 12(b)(6). Defendants White, L.I. Property, Ugly Dog, NorGuard, InterGUARD and Tortora also request attorneys' fees pursuant to 42. U.S.C. § 1988. (Defs.' Mot. to Dismiss 16, D.E. 17-1, 28, D.E. 16, 2, D.E. 26.)

## DISCUSSION

### I. Standards Of Review

#### A. Rule 12(b)(1)

To survive a FED. R. CIV. P. 12(b)(1) motion to dismiss, the Court may consider affidavits and other materials beyond the pleadings. See Robinson v. Gov't of Malaysia, 269 F.3d 133, 141 n.6 (2d Cir. 2001). Additionally, the Court may take judicial notice of public documents, including the records of administrative proceedings. See Greenblatt v. Gluck, 03-CV-0597, 2003 U.S. Dist. LEXIS 3846, at *2 n.1 (S.D.N.Y. Mar. 17, 2003); Dutton v. Swissport USA, Inc., 04-CV-3417, 2005 U.S. Dist. LEXIS 40899, at *2 n.1 (E.D.N.Y. July 1, 2005) (noting that a WCB hearing transcript is analogous to a state administrative procedure which is a public record). Under Rule

12(b)(1), the Court will deem all factual allegations in the complaint as true. See Jaghory v. N.Y. State Dep't of Educ., 131 F.3d 326, 329 (2d Cir. 1997). When a defendant challenges the jurisdiction of a federal court, such jurisdiction must be shown affirmatively. See Shipping Fin. Servs. Corp. v. Drakos, 140 F.3d 129, 131 (2d Cir. 1998) (citing Norton v. Larney, 266 U.S. 511, 515, 45 S. Ct. 145, 147, 69 L. Ed. 413, 416 (1925)). The plaintiff may not rely on inferences favorably drawn from the pleadings to assert such jurisdiction. See id.

   B. Rule 12(b)(6)

In accordance with the Supreme Court's decision in Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007), a Rule 12(b)(6) motion to dismiss should be decided by applying a "plausibility standard," which is guided by "[t]wo working principles." Aschroft v. Iqbal, ___ U.S. ___, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868, 884 (2009); Harris v. Mills, 572 F.3d 66, 72 (2d. Cir. 2009). First, the court must accept all allegations as true, Aschroft, 129 S. Ct. at 1949, 173 L. Ed. 2d at 884; Harris, 572 F.3d at 72, and draw all reasonable inferences in the favor of the non-moving party. See Finnan v. Ryan, 357 F. App'x 331, 333 (2d Cir. 2009). However, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to state a claim. Harris, 572 F.3d at 72 (quoting Aschroft, 129

S. Ct. at 1949, 173 L. Ed. 2d at 884). Second, only complaints that state a "plausible claim for relief" will survive a 12(b)(6) motion to dismiss. Id. (quoting Aschroft, 129 S. Ct. at 1950, 173 L. Ed. 2d at 884). "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. (quoting Aschroft, 129 S. Ct. at 1950, 173 L. Ed. 2d at 884). To satisfy this second prong plaintiffs must "nudge[] [their] claims . . . across the line from conceivable to plausible." Aschroft, 129 S. Ct. at 1951, 173 L. Ed. 2d at 885 (internal quotation marks omitted) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570, 127 S. Ct. 1955, 1974, 167 L. Ed. 2d 929, 949 (2007)). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Aschroft, 129 S. Ct. at 1940, 173 L. Ed. 2d at 874. Finally, "the Court may take judicial notice of records and reports of administrative bodies, items in the record of the case, matters of general public record, and copies of documents attached to the complaint." Commer v. McEntee, 00-CV-7913, 2006 U.S. Dist. LEXIS 82395, at *23 (S.D.N.Y. Nov. 9, 2006).

    The Court recognizes that pro se plaintiffs enjoy a more liberal pleading standard. See Erickson v. Pardus, 551

U.S. 89, 94, 127 S. Ct. 2197, 2200, 167 L. Ed. 2d 1081, 1086 (2007) ("[A] pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.") (internal quotation marks omitted) (quoting Estelle v. Gamble, 429 U.S. 97, 106, 97 S. Ct. 285, 292, 50 L. Ed. 2d 251, 261 (1976)). Although "[t]his is particularly so when the pro se plaintiff alleges that her civil rights have been violated," Sealed Plaintiff v. Sealed Defendant, 537 F.3d 185, 191 (2d Cir. 2008), pro se plaintiffs must still "comport with the procedural and substantive rules of law," Javino v. Town of Brookhaven, 06-CV-1245, 2008 U.S. Dist. LEXIS 17323, at *3 (E.D.N.Y. Mar. 4, 2008)).

II. Plaintiff's Complaint Must Be Dismissed

    A. Third Cause of Action[2]

Plaintiff's third cause of action asserts a 42 U.S.C. § 1985(3) conspiracy claim against White, L.I. Property, Ugly Dog, NorGuard, InterGUARD and Tortora. To plead such a claim, Plaintiff must allege: "(1) that 'some racial, or perhaps otherwise class-based, invidiously discriminatory animus [lay] behind the conspirators' action,' . . . and (2) that the

---

[2] Plaintiff's first two claims plead state law causes of action. But, because no diversity jurisdiction exists, Plaintiff must sufficiently plead a federal claim to enable the Court to exercise supplemental jurisdiction over his state law claims. Thus, the Court addresses Plaintiff's federal causes of action first.

8

conspiracy 'aimed at interfering with rights that are protected against private, as well as official, encroachment.'" Bray v. Alexandria Women's Health Clinic, 506 U.S. 263, 268, 113 S. Ct. 753, 758, 122 L. Ed. 2d 34, 45 (1993) (internal citations and quotations omitted). Here, Plaintiff fails to do so. Plaintiff pleads no facts to suggest that any "racial, or perhaps otherwise class-based, invidiously discriminatory animus behind the conspirators' action" exists. Id. Thus, even if the Court credited Plaintiff's conclusory allegation that Defendants "suborn[ed] testimony of witnesses and construct[ed] a fraud upon" the WCB, Plaintiff would still fail to plead a § 1985(3) conspiracy claim. Accordingly, this claim must be DISMISSED.

B. Fourth Cause Of Action

Plaintiff's fourth cause of action alleges that Defendants White, L.I. Property, InterGUARD, NorGuard, Tortora (collectively, "Private Party Defendants"), Defendant Judge Lerner and Defendant WCB denied Plaintiff's right to substantive due process and equal protection, pursuant to § 1983. For different reasons, this claim must be dismissed as against each Defendant.

1. Rooker-Feldman Doctrine

Under the Rooker-Feldman doctrine, federal district courts lack subject matter jurisdiction over suits that are, in essence, appeals from state court judgments. See D.C. Cir. v.

Feldman, 460 U.S. 462, 483 n.16, 103 S. Ct. 1303, 1316 n.16, 75 L. Ed. 2d 206, 224 n.16 (1983). "Rooker-Feldman bars a federal claim, whether or not raised in state court, that asserts injury based on a state judgment and seeks review and reversal of that judgment; such a claim is 'inextricably intertwined' with the state judgment." Hoblock v. Albany County Bd. of Elections, 422 F.3d 77, 86-87 (2d Cir. 2005). While a district court has jurisdiction to review a determination made by an administrative agency, that jurisdiction does not extend to determinations that have been reviewed by a state court. See Mitchell v. Fishbein, 377 F.3d 157, 165-66 (2d Cir. 2004). Here, Plaintiff appealed the WCB decision to the New York Appellate Division, Third Department, thereby making his claim susceptible to the Rooker-Feldman doctrine.

The Rooker-Feldman doctrine has four requirements: (1) the federal court plaintiff must have lost in state court; (2) the plaintiff's injuries must be caused by the state court judgment; (3) the plaintiff's claims must invite the district court to review and reject that state court judgment; and (4) the state court judgment must have been rendered prior to the commencement of the district court proceedings. See Hoblock, 422 F.3d at 85. Here, Plaintiff lost both the administrative proceedings of the WCB and his appeal to the Third Department of the Appellate Division. And, as discussed below, Plaintiff's

fourth cause of action largely stems directly from those decisions.

Principally, Plaintiff alleges that Defendants violated his Constitutional rights because of various discovery and evidentiary improprieties in the proceedings below.[3] But the Third Department affirmed Judge Lerner's decision. And the Rooker-Feldman doctrine bars federal claims arising from disputes over the "compulsory process and discovery rights" that the state courts afforded. Maddox v. Prudenti, 303 Fed. Appx. 962, 965 (2d Cir. 2008). Likewise, the Rooker-Feldman doctrine precludes review of state court evidentiary decisions. See Hachamovitch v. DeBuono, 159 F.3d 687, 695 (2d Cir. 1998). Furthermore, to the extent that Plaintiff's fourth cause of action, including the "reverse discrimination" allegation (Compl. ¶ 36) stems from Judge Lerner's decision, or the WCB and Third Department decisions affirming it, Plaintiff's claims are "inextricably intertwined" with the Third Department's decision, because the "relief [Plaintiff] seeks would entail overturning

---

[3] Among other things, Plaintiff protests that Judge Lerner, the WCB, and/or the Private Party Defendants: (1) admitted certain evidence (Compl. ¶ 27(a)); (2) "Preclud[ed] Professional testimony" concerning the "nature and extent" of Plaintiff's injury (Compl. ¶ 28); (3) prevented Plaintiff from obtaining "surveillance video" that supposedly would have bolstered his case (Compl. ¶ 29); (4) precluded Plaintiff from obtaining "Hernandez work records [sic]" (Compl. ¶ 30); and (5) permitted the Employer and Carrier to use the same attorney (Compl. ¶¶ 32-33). Plaintiff further argues that the weight of the evidence supported his claims. (See Compl. ¶¶ 34, 35).

11

[this] order." Harris v. Hudson, 216 F. Supp. 2d 10, 13 (N.D.N.Y. 2002).[4] Accordingly, the Rooker-Feldman doctrine bars most, and possibly all, of Plaintiff's fourth cause of action.

2. Remaining Reverse Discrimination Claim

Construing Plaintiff's claims liberally, however, the Rooker-Feldman doctrine does not bar Plaintiff's fourth cause of action in its entirety. Specifically, given Plaintiff's sparse and terse pleading, it is possible that his "reverse discrimination" claim (Compl. ¶ 36) may not, in its entirety, challenge Judge Lerner's decision, or the WCB and Third Department decisions affirming it. Rather, it may, in part, concern the conduct of the Private Party Defendants in responding to Plaintiff's disability claim. Therefore, assuming arguendo that the Rooker-Feldman doctrine does not bar it, the Court considers this allegation on its merits. Having done so, the Court finds that Plaintiff's "reverse discrimination" allegation fails to state a § 1983 claim. This is because

---

[4] Plaintiff's claims stemming from the workers' compensation proceedings also fail on other grounds. As a Workers' Compensation Law Judge, Judge Lerner enjoys quasi-judicial immunity. See Montero v. Travis, 171 F.3d 757, 760. The Eleventh Amendment bars Plaintiff's claims against the WCB, a state entity. See Gollomp v. Spitzer, 568 F.3d 355, 366 (2d Cir. 2009). Finally, as discussed below, Plaintiff failed to plead sufficient allegations to enable the Court to attribute the Private Party Defendants' conduct to the state, or otherwise subject these private entities to § 1983 liability.

12

Plaintiff fails to plead that the Private Party Defendants engaged in state action or otherwise acted under the color of state law. See Sybalski v. Indep. Group Home Living Program, Inc., 546 F.3d 255, 257 (2d Cir. 2008). Nor does Plaintiff plead any facts to suggest that the Private Party Defendants' conduct could be attributable to the state. See id. (discussing circumstances under which a private party can face § 1983 liability). Thus, the Private Party Defendants cannot face any liability under § 1983 for "reverse discrimination."

As a result, Plaintiff's Fourth Cause of Action must be DISMISSED in its entirety.

### C. State Law Claims

Because the Court dismisses Plaintiff's third and fourth causes of action, it declines to exercise supplemental jurisdiction over Plaintiff's pendent state law claims for fraud and breach of contract. See Valencia v. Lee, 316 F.3d 299 (2d Cir. 2003). Accordingly, the Court does not reach Plaintiff's claim that the Rooker-Feldman doctrine does not impact his fraud claim.

## III. Attorney's Fees

Defendants White, L.I. Property, Ugly Dog, NorGuard, InterGUARD and Tortora request an award of reasonable attorneys' fees pursuant to 42 U.S.C. § 1988. A court may award attorneys' fees to prevailing defendants pursuant to § 1988 if the

13

complaint against them was "frivolous, unreasonable, or groundless, or [if] the plaintiff continued to litigate after it clearly became so." Christiansburg Garment Co. v. EEOC, 434 U.S. 412, 422, 98 S. Ct. 694, 701, 54 L. Ed. 2d 648, 657 (1978). However, courts must apply "limitations . . . with special force in actions initiated by uncounseled [plaintiffs]," and "attorney's fees should rarely be awarded against such plaintiffs." Hughes v. Rowe, 449 U.S. 5, 15, 101 S. Ct. 173, 179, 66 L. Ed. 2d 163, 173 (1980). And the mere fact that a pro se plaintiff's complaint, "even when liberally construed, cannot survive a motion to dismiss does not, without more, entitle the defendant to attorney's fees." Id. Here, given Plaintiff's pro se status, his claims do not reach the level of groundlessness required to award § 1988 attorneys' fees to Defendants. This is because a pro se plaintiff, such as Mr. Person here, "should not be punished for his failure to recognize subtle factual or legal deficiencies in his claims," such as the applicability of the Rooker-Feldman doctrine. Id.

CONCLUSION

For the reasons stated above, Defendants' motions to dismiss are GRANTED. The § 1988 attorneys' fees motion brought by Defendants White, L.I. Property and Ugly Dog is DENIED. The Clerk of the Court is directed to mark this matter as CLOSED.

SO ORDERED.

/s/ JOANNA SEYBERT_____
Joanna Seybert, U.S.D.J.

Dated:   July 2, 2010
         Central Islip, New York